IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SCOTT A. BROWN,

                    Plaintiff,

  v.

JASEN MILLER,

                    Defendant.

OPINION & ORDER

16-cv-682-jdp

---

Pro se plaintiff Scott A. Brown, a Wisconsin prisoner incarcerated at the Columbia Correctional Institution (CCI), is proceeding on an Eighth Amendment claim against defendant Jasen Miller, a CCI correctional officer. Brown alleges that Miller failed to restrain him despite Brown's warnings that he would harm himself by cutting his arm.

This opinion addresses all motions that are pending before the court. The main issue is Miller's motion for summary judgment for Brown's failure to exhaust available administrative remedies. Dkt. 41. Brown failed to appeal the reviewing authority's decision within the applicable deadline, so Brown failed to satisfy the exhaustion requirements. I will grant summary judgment in favor of Miller and dismiss the case. All other motions, namely Brown's motion to "dismiss" Miller's summary judgment motion, Dkt. 70, motions to compel, Dkt. 46 and Dkt. 63, and motion for summary judgment, Dkt. 50, are denied.

**A. Brown's motion to dismiss Miller's summary judgment motion**

I begin with Brown's motion to dismiss Miller's summary judgment motion for failure to exhaust. Dkt. 70. Brown contends that I should not consider Miller's motion because Miller has failed to file proposed findings of fact in support. *Id*. ¶¶ 1-4. Brown is mistaken. As the court explained in the pretrial conference order, the parties need not file proposed findings of

fact to support summary judgment motions for exhaustion. Dkt. 15, at 4. Thus, I will deny Brown's motion to dismiss Miller's motion for summary judgment.

**B. Miller's motion for summary judgment for Brown's failure to exhaust administrative remedies**

Miller moves for summary judgment for Brown's failure to exhaust administrative remedies under the Prison Litigation Reform Act. Dkt. 41. I will grant Miller's motion.

To succeed on a motion for summary judgment, the movant must show that there is no genuine dispute of material fact and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Brummett v. Sinclair Broad. Grp., Inc.*, 414 F.3d 686, 692 (7th Cir. 2005). All reasonable inferences from the facts in the summary judgment record must be drawn in the nonmoving party's favor. *Baron v. City of Highland Park*, 195 F.3d 333, 338 (7th Cir. 1999).

Under the PLRA, a prisoner must exhaust available administrative remedies before suing in court. 42 U.S.C. § 1997e(a). The exhaustion requirement is mandatory, *Woodford v. Ngo*, 548 U.S. 81, 85 (2006), and "applies to all inmate suits." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). To satisfy the exhaustion requirement, a prisoner must "properly take each step within the administrative process," which includes filing grievances and appeals "in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024, 1025 (7th Cir. 2002). In Wisconsin, the administrative code provides the process for a prisoner to file a grievance and appeal an adverse decision, and failure to follow the procedural rules set forth in the administrative code results in dismissal of the prisoner's claims. *Perez v.*

*Wis. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). The critical requirement here is that a prisoner must appeal a reviewing authority's decision within "10 calendar days." Wis. Admin. Code § DOC 310.13(1).

Brown's appeal of the reviewing authority's decision was untimely. The reviewing authority, Warden Michael Dittmann, dismissed Brown's grievance on March 19, 2015. Dkt. 43, ¶ 17 and Dkt. 44, at 4. So Brown had until March 29 to appeal the decision, but Brown signed his appeal on March 31. Dkt. 45, at 12. Brown's appeal was therefore untimely.

Brown contends that his untimely appeal should be excused because he did not have a pencil and an appropriate form to appeal the decision within 10 days. Brown states that he was on either control or observation status on various dates and, on those dates, he was denied a pencil and an appropriate form for security purposes. Miller responds that Brown was not actually on control or observation status during March 2015 and supports this proposition with evidence. Dkt. 62-1, at 3. I could hold a hearing to resolve this factual dispute, *see Pavey v. Conley*, 544 F.3d 739, 741 (7th Cir. 2008), but a hearing is unnecessary here.[1]

Brown has not raised a genuine dispute that he lacked the means to file an appeal form between March 19 and 29. Brown provides various versions of facts, but I will begin with the versions contained in his affidavits, Dkt. 54 and Dkt. 69. In his original affidavit, Brown states that he was on control status until March 23, but when he got off control status, he had to wait until March 28 to receive his property. Dkt. 54, ¶¶ 10-11. He then had to wait some

---

[1] By the way, I *know* from other CCI cases that even prisoners who pose suicide risks at CCI have access to flexible suicide pencils for drafting court submissions, but I will ignore this fact. And Brown was given an opportunity to explain why he could not complete an appeal form earlier when he actually filed his late appeal form, but Brown failed to do so. Dkt. 45, at 11-12.

additional, unidentified length of time to get a pencil and an appropriate form. *Id*. ¶ 11. This version of facts does not establish that Brown lacked the means to fill out an appeal form on March 28 or 29. Brown does not indicate, let alone support with admissible evidence, whether he actually acquired a pencil and an appeal form after March 29 or whether those items were unavailable to him on March 28 or 29. So the critical fact whether Brown had means to appeal the decision before March 29 is left vague, and Brown cannot withstand summary judgment by means of obfuscation.

In his supplemental affidavit, Brown concedes that he received a pencil and an appropriate form on March 28. Dkt. 69, ¶ 2. If he had those items on March 28, he could file his appeal form either on March 28 or 29 to satisfy the exhaustion requirement. So this version of facts, too, does not enable Brown to withstand summary judgment.

Another version of facts, provided in Brown's brief, is that he got off control status on March 23 but inmates could acquire pencils and appeal forms from CCI staff only on Tuesdays and Thursdays. Dkt. 51, at 6-7. The proposition that CCI distributes pencils and forms only on Tuesdays and Thursdays is not supported by admissible evidence. In any event, even under this version, Brown cannot prevail. March 23, 2015, was a Monday, so Brown could have obtained the necessary items and appealed on March 24 or 26.

Brown argues that he could not properly respond to Miller's summary judgment motion before the end of the discovery process. *See* Dkt. 66, at 5. But Brown could support the critical facts with his own affidavits. Dkt. 54 and Dkt. 69. Brown failed to do so here.

Accordingly, whether Brown lacked the means to appeal Dittmann's decision is not genuinely disputed. I will grant summary judgment in favor of Miller and close the case.

**C. Other motions**

Brown has filed two motions to compel. Dkt. 46 and Dkt. 63. The first motion to compel seeks production of records regarding Brown's self-harm incidents. Dkt. 46. The second motion to compel seeks Miller's responses to Brown's requests for admissions regarding his self-harm incidents. Dkt. 63. Neither of these motions affects Brown's ability to respond to Miller's summary judgment motion. So these motions are moot.

Brown also filed his own motion for summary judgment. Dkt. 50. Brown does not develop any argument in either his motion, *id*, or the accompanying brief, Dkt. 51, as to why he is entitled to summary judgment. And Brown failed to satisfy the exhaustion requirement under the PLRA, so he cannot prevail on the merits. So this motion, too, is moot.

In sum, I will grant summary judgment in favor Miller and dismiss the case. All other motions are denied, and the case is closed. One last point. This case is one of three cases in which Brown has sued prison employees for what he alleges is deliberate indifference. In this case, I held a hearing and determined that Brown was receiving continuous care for his mental problems and that his safety was ensured, Dkt. 48, so Brown's claim of deliberate indifference turned out to be untrue. Brown also indicated that when he makes threats of self-harm or suicide, prison employees should immediately turn to his aid and provide care in particular ways demanded by Brown (e.g., place him on observation status with a correctional officer constantly observing him). But as a prisoner, Brown cannot force prison employees to act on his whim. *See Bowers v. Pollard*, 602 F. Supp. 2d 977, 993 (E.D. Wis.) *aff'd*, 345 F. App'x 191 (7th Cir. 2009). Should Brown file another lawsuit asserting unfounded claims, I will consider assessing him a strike under 28 U.S.C. § 1915(g) on the grounds that Brown's claims are frivolous or malicious.

ORDER

IT IS ORDERED that:

1. Defendant Jasen Miller's motion for summary judgment for plaintiff Scott A. Brown's failure to exhaust available remedies, Dkt. 41, is GRANTED.

2. Plaintiff's first motion to compel, Dkt. 46, is DENIED as moot.

3. Plaintiff's motion for summary judgment, Dkt. 50, is DENIED as moot.

4. Plaintiff's second motion to compel, Dkt. 63, is DENIED as moot.

5. Plaintiff's motion to dismiss defendant's motion for summary judgment, Dkt. 70, is DENIED.

6. This case is DISMISSED.

7. The clerk of court is directed to enter judgment in favor of defendant and close the case.

Entered September 6, 2017.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge